LONNIE D. GIAMELA, SBN 228435
lgiamela@fisherphillips.com
SUZY E. LEE, SBN 271120
slee@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
VF OUTDOOR, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

BRIANA VALENCIA, an individual, on behalf of all persons similarly situated on behalf of the State of California, as a private attorney general, and on behalf of all aggrieved employees,

Plaintiff,

v.

VF OUTDOOR, LLC, a California limited liability company, and DOES 1 to 50, inclusive,

Defendants.

Case No.:

[Originally filed in the Alameda County Superior Court, Case No. HG19032747]

**DEFENDANT VF OUTDOOR, LLC'S NOTICE OF REMOVAL OF ACTION**

*[Filed concurrently with Civil Cover Sheet, Declaration of Patricia Hughes, Declaration of Mark Townsend, Declaration of Billy Bonilla, Declaration of Suzy E. Lee, Corporate Disclosure Statement and Certificate of Interested Parties]*

Complaint Filed: August 27, 2019
Trial Date: None set

**TO PLAINTIFF AND HER COUNSEL OF RECORD AND TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant VF Outdoor, LLC ("Defendant" or "VF") hereby removes the above-captioned action from the Superior Court of California in and for the County of Alameda, to the United States District Court for the Northern District of California (Oakland Division), pursuant to 28 U.S.C. §§ 1332(d) (the "Class Action Fairness Act"), 1441, 1446, and 1453. The grounds for removal are as follows:

## I. THE STATE COURT ACTION

1. On August 27, 2019, Plaintiff Briana Valencia (hereinafter, "Plaintiff") filed an unverified "Class and Representative Action Complaint" in the Superior Court of the State of California, in and for the County of Alameda, thereby initiating the civil action entitled "BRIANA VALENCIA, an individual, on behalf of all persons similarly situated on behalf of the State of California, as a private attorney general, and on behalf of all aggrieved employees vs. VF OUTDOOR, LLC, a California limited liability company, and DOES 1 to 50, inclusive," Case No. HG19032747 (hereinafter, the "State Court Action"). A true and correct copy of the Class and Representative Action Complaint (hereinafter, the "Complaint") is attached hereto as **Exhibit "A"** of the Declaration of Suzy E. Lee ("Lee Decl."). (Lee Decl., ¶ 2, Ex. A.)

2. The County of Alameda is within the territory of the United States District Court for the Northern District of California.

3. Plaintiff's Complaint asserts causes of action for: (1) "Failure To Pay Minimum And Regular Wages;" (2) "Failure To Pay All Overtime Wages;" (3) "Failure To Provide Timely And/Or Off-Duty Meal Periods;" (4) "Failure to Provide Rest Periods;" (5) "Failure To Provide Accurate Itemized Wage Statements;" (6) "Failure to Pay All Wages Within a Timely Manner;" (7) "Unfair

Business Practices;" and (8) "Violations of the Private Attorney Generals Act of 2004."

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served on Defendant are attached hereto as **Exhibit "B"** to Lee Decl. (Lee Decl., ¶ 3, Ex. B.) No further pleadings have been filed and no further proceedings related thereto have been heard in Superior Court. (*Id.*)

## II. REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

5. In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 551-554 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.; see also Garnett v. ADT LLC,* 74 F.Supp.3d 1332, 1334 (E.D. Cal. 2015). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of evidence standard. *Dart Cherokee*, 135 S.Ct. at 553-554.

## III. THE U.S. DISTRICT COURT HAS JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6. On February 18, 2005, Congress enacted the Class Action Fairness Act of 2005 (hereinafter, the "CAFA"). The CAFA gives U.S. District Courts original jurisdiction over civil class action lawsuits in which any member of the putative class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The CAFA authorizes removal of such actions

in accordance with 28 U.S.C. § 1446. While there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. §§ 1332(d)(3)-(5), no such exceptions apply here.

7. There is no "presumption against removal" when defendant seeks to remove pursuant to the CAFA. *Dart Cherokee*, 135 S.Ct. at 554. This Court has original jurisdiction over the case under the CAFA, in that the case is a civil putative class action wherein the matter of controversy exceeds the sum of $5 million, exclusive of interests and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different than that of VF. *See* U.S.C. 28 § 1332(d).

8. Plaintiff's Complaint asserts that she is bringing this action "on behalf of all other similarly-situated employees of VF Outdoor, LLC." (Complaint, 1:1-2.) The class Plaintiff seeks to represent is comprised of five subclasses of individuals:

> (a) All individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by VF Outdoor LLC t [sic] to undergo pre-shift and post-shift security checks between August 26, 2015 and the present date ("Unpaid Time Class");
>
> (b) All individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by Defendant to undergo pre-shift and post-shift security checks and who work or worked in excess of eight hours in a day or forty hours in a workweek between August 26, 2015 and the present date ("Overtime Class");
>
> (c) All individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees, who were required by Defendant to undergo pre-shift and post-shift security checks and who work or worked shifts in excess of five hours between

August 26, 2015 and the present date ("Meal Period Class");

(d) All individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees who work or worked shifts in excess of three and a half hours between August 26, 2015 and the present date ("Rest Period Class");

(e) All individuals who are or were employed by VF Outdoor, LLC, or its predecessor or merged entities in California as hourly, non-exempt employees from [sic] between August 26, 2015 and the present date ("Wage Statement Subclass"); (Collectively, the "Class" or "Class Members").

(Complaint, ¶ 3.)

9. There are more than 100 non-exempt employees, and as such CAFA's exception for classes of fewer than one hundred (100) persons does not apply. *See* 28 U.S.C. § 1332(d)(5)(B). (Declaration of Billy Bonilla ("Bonilla Decl."), ¶ 3.)

10. Under 28 U.S.C. § 1453(b) "a class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

11. Plaintiff admits he is a resident of the State of California and alleges he was employed by VF Outdoor in the State of California at all times relevant hereto. (Complaint, ¶¶ 7, 8). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An existing domicile is presumed

to continue. *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 288 (3rd Cir. 2006). Therefore, "domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. United States,* 88 U.S. 350, 353 (1875). Plaintiff is therefore a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). Moreover, the putative class purports to include current employees located in California as well. (Complaint, ¶ 9; *id.*, ¶ 3 ("Plaintiff is informed and believes that over 75% of the Class Members alleged herein are citizens of the State of California").)

12. A corporation is deemed to be a citizen of the state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center." *Id.* at 78. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters…." *Id.* The headquarters is the place from which the corporation's business activities are directed, controlled, and coordinated. *Id.* At all times since at least August 27, 2015, the following has been the case with regard to VF Outdoor: (a) it has been a limited liability company formed and organized in and under the laws of the State of Delaware; (b) its corporate headquarters and principal place of business is located in Greenwood Village, Colorado; VF Outdoor controls, directs, and coordinates its business activities at its headquarters in Colorado; and VF Outdoor's "high level" officers and executives work at VF Outdoor's Colorado headquarters. (Declaration of Mark R. Townsend ("Townsend Decl."), ¶¶ 2, 3.) Therefore, VF Outdoor is, and has been since the filing of this lawsuit, a citizen of the states of Delaware and Colorado. *Hertz*, 559 U.S. at 78.

13. Defendants Does 1 through 100, inclusive, are fictitious. The

Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties of this action. 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998). Based upon the foregoing, minimal diversity is established.

14. There are no named co-defendants in this action. And, in any event, consent of co-defendants is not required for removal under the CAFA. 28 U.S.C. § 1453(b); *United Steel, et al. v. Shell Oil Co.,* 549 F.3d 1204 (9th Cir. 2008).

15. Section 28 U.S.C. § 1332(d) (a part of the CAFA) authorizes removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. Plaintiff's Complaint is silent as to the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *White v. J.C. Penny Life Ins. Co.,* F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar claim upon its claim.").

16. Notwithstanding Plaintiff's failure to allege the total amount of monetary relief claimed, CAFA authorizes the removal of class actions in which, among the factors mentioned above, the aggregated amount in controversy for all potential class members exceeds $5 million dollars. *See* 28 U.S.C. § 1332(d); *Muniz v. Pilot Travel Centers LLC,* 2007 WL 1302504, *1 (E.D. Cal. May 1, 2007) (finding removal of action substantially similar to instant action proper under CAFA). In determining the amount in controversy for CAFA, all potential damages based on pled claims, as well as attorney's fees, are properly included. *See*

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

17. Where a plaintiff alleges that a defendant has "adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [laws] … [i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015). In that instance, "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the complaint." *Id.* Here, Plaintiff alleges that Plaintiff and … other similarly situated employees of Defendants in California, were subject to the same policies, practices, and procedures governing their employment and their payment of wages and hours worked." (Complaint, ¶ 9).

18. While VF Outdoor denies Plaintiff's claims of wrongdoing and denies that she is entitled to any requested relief, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees, injunctive relief, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum. *Saulic v. Symantec Corp.*, 2007 WL 5074883, *7-9 (considering facts presented in notice of removal, including defendant's declarations, along with plaintiff's allegations in finding jurisdictional limits satisfied under CAFA).

**A. <u>General CAFA Contentions</u>**

19. More than 18,000 non-exempt employees have worked approximately 918,000 workweeks since August 27, 2015.[1] (Bonilla Decl., ¶ 3.) During the one-year limitations period beginning August 28, 2018, more than 9,400 non-exempt

[1] The data regarding VF Outdoor's non-exempt employees in California was provided by Patricia P. Hughes, Senior Auditor for VF Corporation. (*See* Declaration of Patricia P. Hughes (Hughes Decl."), ¶¶ 2, 3.)

employees worked no less than 155,500 pay periods. (*Id.*). The 18,000+ non-exempt employees earned an average hourly rate in excess of $12.50. (*Id.*) For purposes of computing the amount in controversy, VF Outdoor will use a conservative hourly rate of $10.00.

**B. Minimum Wage Claim**

20. Plaintiff alleges in her First Cause of Action that "Plaintiff, the Class Members, and the aggrieved employees [were required to] undergo pre-shift and post-shift activities, such as undergoing security checks and walking to their appropriate clocking-in stations" (Complaint, ¶ 28), "which took at least 15 to 20 minutes" (*id.*, ¶ 76), sometimes "causing them to lose as much as 40 minutes per day" (*id.*, ¶ 28). Plaintiff seeks unpaid wages, in addition to "liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." (*Id.*, ¶ 78.) *See* Cal. Labor Code § 1194.2. Plaintiff's unpaid wage claim is subject to a four-year limitation period. *See Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1105-1114 (2007). For purposes of analyzing the minimum wages in dispute, VF conservatively assumes that each employee worked one day in each workweek.

21. As previously indicated, more than 18,000 employees worked at least 918,000 workweeks. (Bonilla Decl., ¶ 2.) Although Plaintiff alleges that every employee worked at least "15 to 20 minutes" without pay on every shift, VF Outdoor will estimate 15 minutes of uncompensated time for the 918,000 workweeks. Based on these conservative estimates, the potential liability at issue on **Plaintiff's unpaid minimum wage claim is at least $4,590,000** ((918,000 x .25 hour x $10.00) x 2 for liquidated damages).

**C. Overtime Claims**

22. Plaintiff alleges in her Second Cause of Action for unpaid overtime that "Plaintiff, the Overtime Class, and the overtime aggrieved employees worked certain hours for which they were not paid (such as time spent undergoing security checks, and walking to their workstations)[.] This time amounts and amounted to

up to [sic] and sometimes over one hour per day of uncompensated time (20 minutes before the shift, 40 minutes before and after meal periods, and 20 minutes after the shift)[,]." (Complaint, ¶ 33.) Assuming each employee worked one hour of overtime without being paid the overtime premium, the potential liability on **Plaintiff's unpaid overtime wage claim is at least $4,590,000** (918,000 x 1 hour x $5.00 overtime premium).

### D. Meal and Rest Period Claims

23. Plaintiff alleges in her Third Cause of Action for noncompliant meal period, Plaintiff claims that because "entering and exiting the building takes 20 minutes or more, to Plaintiff, the Meal Period Class, and the meal period aggrieved employees are forced to take their meal periods on premises" (Complaint, ¶ 38), or otherwise experience "meal periods [that] were regularly short, interrupted, and/or on duty" (*id.*, ¶ 100). As to Plaintiff's Fourth Cause of Action for noncompliant rest periods, she alleges that "the security check activities typically cut Plaintiff's, the Rest Period Class', and the aggrieved employees' rest periods short, and required them to perform job duties during a required duty-free break." (Complaint, ¶ 43.) Plaintiff also alleges that she and Class Members are owed an hour of additional pay for noncompliant meal period and another hour of additional pay for noncompliant rest period for each workday. (Complaint, ¶¶ 107, 108, 118, 119.) Assuming conservatively that each employee is entitled to two hours of additional pay each week during their tenure, the potential liability at issue on **Plaintiff's meal and rest claim is at least $18,360,000** (918,000 x $10.00 per hour x 2 hours).

### E. Summary of Amount in Controversy

| Cause of Action | Amount In Dispute |
|---|---:|
| First Cause of Action for unpaid minimum wages | $4,590,000 |
| Second Cause of Action for unpaid overtime | $4,590,000 |
| Third Cause of Action for noncompliant meal periods | $9,180,000 |
| Fourth Cause of Action for noncompliant rest periods | $9,180,000 |

| | |
|---|---|
| **TOTAL** | **$27,540,000** |

24. Based on the foregoing, under the CAFA, Plaintiff's claims for damages, penalties, attorneys' fees and other monetary relief far exceed the $5 million jurisdictional limit of this Court, as required by 28 U.S.C. § 1332(d). As a result, although VF Outdoor denies Plaintiff's claims of wrongdoing, denies that a class can be certified, and denies the requests for relief, based upon the facial allegations in Plaintiff's Complaint and assuming *arguendo* Plaintiff was able to prove these allegations, the total amount of monetary relief sought by Plaintiff and the proposed putative other class members is in excess of $5 million, exclusive of interest and costs.

25. By removing this matter, VF does not waive and, to the contrary, reserves any rights it may have including, without limitation, all available arguments and defenses, including the right to move to compel Plaintiff's claims to arbitration. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

## IV. NOTICE, SERVICE, AND OTHER REQUIREMENTS ARE MET

26. In accordance with 28 U.S.C. §1446(d), VF will promptly provide notice of this removal to Plaintiff and to the Superior Court of the State of California, in and for the County of Alameda.

Respectfully submitted,

DATE: October 28, 2019

FISHER & PHILLIPS LLP

By: */s/ Suzy E. Lee*
LONNIE D. GIAMELA
SUZY E. LEE
Attorneys for Defendant
VF OUTDOOR, LLC

**CERTIFICATE OF SERVICE**
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On October 28, 2019, I served the foregoing document entitled **DEFENDANT VF OUTDOOR, LLC'S NOTICE OF REMOVAL OF ACTION** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Mark D. Potter<br>James M. Treglio<br>POTTER HANDY, LLP<br>8033 Linda Vista Road, Suite 200<br>San Diego, CA 92111 | *Attorneys for Plaintiff*<br>BRIANA VALENCIA<br><br>Tel: (858) 375-7385<br>Email: mark@potterhandy.com<br>Email: JimT@potterhandy.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 28, 2019, at Los Angeles, California.

Anh Tran
Print Name

By: */s/ Anh Tran*
Signature