UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRIANA VALENCIA, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VF OUTDOOR, LLC,<br><br>Defendant. | Case No. 19-cv-07090-LB<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: ECF No. 31 |

# INTRODUCTION

In this putative class action, the plaintiff Briana Valencia, a California resident, sued her employer VF Outdoor (a distributor of clothing brands) for wage-and-hour violations of the California Labor Code, including failure to pay minimum wages and overtime wages, failure to provide meal-and-rest breaks, and other claims predicated on these violations (such as penalty statutes related to accurate wage statements and paying wages on time, a violation of California's Unfair Competition Law, and a violation of California's Private Attorneys General Act ("PAGA")). The defendant moved to transfer the case to the Eastern District of California, generally on the grounds that the plaintiff works there, there are no class members in this district, and the Eastern District is the most convenient forum for the parties and witnesses. The plaintiff opposed the motion, generally on the ground that it is untimely, given that the defendant removed the case to federal court over a year ago, and the Eastern District is not the most convenient forum.

While a delay might ordinarily militate against a transfer, nothing substantive has happened in the case because the parties were trying to resolve the case through mediation. The court grants the motion.

## STATEMENT

The plaintiff filed the case in Alameda County Superior Court on August 27, 2019, and the defendant removed it to federal court on October 28, 2019.[1] The parties do not dispute that the court has jurisdiction under the Class Action Fairness Act because there is a proposed class of at least 100 members, CAFA minimal diversity, and an amount in controversy of more than $5 million.[2] 28 U.S.C. § 1332(d). In the initial case-management statement filed on January 23, 2020, the defendant mentioned its intent to file a motion to transfer the case to the Eastern District of California, and it reiterated that intent in a second case-management statement filed on February 6, 2020.[3] The parties agreed to early mediation at the February 13, 2020 initial case-management conference, planned to conduct it by August 13, 2020, and conducted it in October. It was not successful.[4] At the parties' request, the court set a new case schedule that included the defendants' proposal to file a motion to transfer within 30 days.[5] The defendant then moved to transfer the case.[6] The court held a hearing on December 17, 2020. All parties consented to magistrate-judge jurisdiction.[7]

## GOVERNING LAW

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

---

[1] Notice of Removal – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. at 3–11.

[3] Case-Management Statements – ECF Nos. 14 at 2, 19 at 3.

[4] Minute Entry – ECF No. 20; Scheduling Order – ECF No. 21; Case-Management Statement – ECF No. 25.

[5] Case-Management Statement – ECF No. 27; Mot. – ECF No. 31.

[6] Mot. – ECF No. 31.

[7] Consent Forms – ECF Nos. 7, 8.

have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision to rather than a codification of the common law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if (1) that court is one where the action might have been brought, (2) the transfer serves the convenience of the parties, and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified additional factors that a court may consider in determining whether a change of venue should be granted under § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of

forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id*. Also, ordinarily "the defendant carries a heavy burden to overcome the plaintiff's chosen forum," but when the case is a class action, "the named plaintiff's choice of forum is given less weight." *Swamy v. Title Source, Inc*., No. C 17-01175 WHA, 2017 WL 2533252, at *2 (N.D. Cal. June 12, 2017) (citing *Lou*, 834 F.2d at 739); *Ambriz v. Coca Cola Co.*, No. 13–CV–03539, 2014 WL 296159 JST, at *6 (N.D. Cal. Jan. 27, 2014) ("[W]here the plaintiff has brought an action on behalf of a class and the operative facts have not occurred within the forum, the plaintiff's choice of forum is entitled to less weight.") *In re Yahoo! Inc.*, No. CV07–3125, 2008 WL 707405 CAS, at *6 (C.D. Cal. Mar. 10, 2008) (when "plaintiffs do not reside in this forum and [assert] a class action, the usual reasons for deferring to a plaintiff's choice of forum do not apply.").

## ANALYSIS

The parties do not dispute that the case could have been brought in the Eastern District of California. They dispute only whether transfer is appropriate based on the timeliness of the motion and the "convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). The defendant has made the necessary showing to overcome the plaintiff's choice of forum, and the other factors weigh in favor of transfer.

**1. Timeliness of the Motion**

The plaintiff contends that the defendant's motion — which was filed over a year after the complaint was filed in state court — is untimely.[8] Given the timeline discussed in the Statement, the court holds that it is not. The parties tried to resolve the case, the defendant appropriately deferred the motion pending that process, and it filed the motion only after the case did not resolve. There is no sandbagging or surprise here: the intent to file the motion was apparent from

---

[8] Opp'n – ECF Nos. 36 at 11–12.

the case's inception. Nothing substantive has happened in the case. The motion is timely. *Devaux-Spitzley v. Prudential Ins. Co. of Am.*, No. 18-cv-04436, 2019 WL 935137, at *6 (N.D. Cal. Feb. 26, 2019) (granting defendant's motion to transfer when "little has happened in the case" since the "action was filed approximately seven months ago").

### 2. Plaintiff's Choice of Forum and Convenience of the Parties and Witnesses

The plaintiff is not a resident of the Northern District, she works at the defendant's distribution center in the Eastern District (one of four distribution centers in California) and complains of the defendant's conduct there, and the defendant has no distribution center in the Northern District (thought it has an office in Alameda County, and that address appears on payroll records). The case is a class action of members who work at the defendant's distribution centers, and no class member works in the Northern District.[9] The court accords the plaintiff's choice of forum minimal deference.

This factor also means that the convenience of the parties and witnesses favors the Eastern District. Witnesses and evidence are there, and, given the lack of distribution centers in the Northern District, not here (except for perhaps payroll and company records). *See e.g., Agasino v. Am. Airlines Inc.*, No. 19-cv-03243, 2019 WL 3387803, at *5 (N.D. Cal. July 26, 2019) (transferring the case to the Northern District of Texas in part because there "may be relevant witnesses . . . in the Northern District of Texas" and there had "been no showing that there is a single witness or a single piece of evidence in this district"); *Allchin v. Volume Servs., Inc.*, No. 15-cv-00886, 2016 WL 704616, at *12 (E.D. Cal. Feb. 23, 2016) (transferring case to the Southern District of California in part because "during the entire time Plaintiffs worked for [defendant], they worked at [defendant's] locations in San Diego;" thus, "coworkers or supervisors would be located there"); *Arreola v. Finish Line*, No. 14-cv-03339, 2014 WL 6982571, at *10 (N.D. Cal. Dec. 9, 2014) (transferring case to the Central District of California in part because

---

[9] Wood Decl. – ECF No. 31-1. The court denies the plaintiff's motion to exclude the Wood declaration. Opp'n – ECF No. 26 at 14.

"managers who could testify as to the policies, conditions, or practices at [plaintiff's] place of employment" were all most likely to reside within the Central District of California). Accordingly, the Eastern District is the most convenient forum.

### 3. Interests of Justice

"A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and other interests of justice." *Chesapeake Climate Action Network v. Export-Import Bank*, No. C 13-03532 WHA, 2013 WL 6057824, at *3 (N.D. Cal. Nov. 15, 2013).

The defendant cites a slightly quicker median time from filing to disposition in the Eastern District during the twelve-month period ending on September 30, 2020 — 11.4 months in this district and 9.2 months there — but the difference is trivial, and the court would do its best to move things along. Also, in fact, the judges in the Eastern District carry an enormous case load (and the court asked the defendant to consider staying in the Northern District for that reason). The defendant understandably said no: the client's interests better served by defending a case where some of the wrongs happened. And the Eastern District has a stronger local interest in deciding the case for the reasons discussed in the last section, including the fact that the complained-of conduct happened there and not here.

In sum, the interests of justice favor transfer.

## CONCLUSION

The court grants the motion to transfer. This disposes of ECF No. 31.

**IT IS SO ORDERED.**

Dated: December 17, 2020

_____
LAUREL BEELER
United States Magistrate Judge